## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| Plaintiff, | : | CIVIL ACTION NO: |
| | : | |
| v. | : | |
| | : | |
| RCZS, LLC, CENTERPLAN AVIATION LLC, | : | |
| SCOTT A. LABONTE, ROBERT A. LANDINO | : | |
| and ZBIGNIEW MATULANIEC, | : | |
| | : | |
| Defendants. | : | MAY 7, 2012 |

## COMPLAINT

Plaintiff, Bank of America, N.A. ("Plaintiff"), by and through its undersigned counsel, for its complaint against defendants, RCZS, LLC, Centerplan Aviation LLC, Scott A. LaBonte, Robert A. Landino and Zbigniew Matulaniec (collectively, "Defendants"), avers as follows:

## I.    THE PARTIES

1.    Plaintiff is a national banking association having its main office in the city of Charlotte and state of North Carolina.

2.    Centerplan Aviation LLC ("Centerplan") is a Connecticut limited liability company, organized and existing under the laws of the state of Connecticut. Upon information and belief, Centerplan has only one member, defendant Robert A. Landino ("Mr. Landino").

3.    RCZS, LLC ("RCZS"), is a Connecticut limited liability company, organized and existing under the laws of the state of Connecticut. Upon information and belief, RCZS has three

members, *viz.* defendant Scott A. Labonte (" Mr. LaBonte"), defendant Zbigniew Matulaniec ("Mr. Matulaniec"), and Mr. Landino).

    4.      Mr. Matulaniec is an individual and is a resident of the state of Connecticut.

    5.      Mr. LaBonte is an individual and is a resident of the state of Connecticut.

    6.      Mr. Landino is an individual and is a resident of the state of Connecticut.

## II.    <u>JURISDICTION AND VENUE</u>

    7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as a result of the diversity of citizenship existing between the Plaintiff and Defendants. The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional sum of $75,000.00.

    8.      Venue is proper in this district pursuant to 28 U.S.C. §1391 (a) (1) because Defendants all reside within this judicial district.

## III.    <u>COUNT I – BREACH OF THE FIRST LOAN AGREEMENT (Against RCZS)</u>

    9.      Plaintiff hereby incorporates by reference paragraphs 1 through 8 above, as though said allegations were set forth more fully in Count I.

    10.     On or about June 5, 2008, RCZS became indebted to Plaintiff in the principal amount of $3,600,000.00 (the "Loan"), which loan is evidenced by a Business Loan Agreement dated June 5, 2008, a true and accurate copy of which is attached hereto as **<u>Exhibit A</u>**.

    11.     On September 23, 2009, RCZS and Plaintiff amended the Business Loan Agreement *via* execution of a First Amendment and Limited Waiver to Business Loan Agreement, a true and accurate copy of which is attached hereto as **<u>Exhibit B</u>**. (The First

- 2 -

Amendment and Limited Waiver to Business Loan Agreement, together with the Business Loan Agreement, are hereinafter referred to collectively as the "Loan Agreement").

12. On October 25, 2011, RCZS and Plaintiff amended the Loan Agreement *via* execution of a certain Omnibus Amendment to Loan Documents, a true and accurate copy of which is attached hereto as **Exhibit C**.

13. On March 26, 2012, RCZS and Plaintiff amended the Loan Agreement *via* execution of a certain Omnibus Consent, Waiver and Amendment to Loan Agreement, a true and accurate copy of which is attached hereto as **Exhibit D**.

14. Plaintiff is the owner and holder of the Loan Agreement, as amended.

15. Pursuant to the Loan Agreement, as amended, RCZS agreed to pay "the remaining principal balance plus any interest then due" on the Loan on or before April 30, 2012.

16. RCZS has failed, however, to pay the Loan, in full, on its stated maturity date of April 30, 2012. RCZS's failure, *inter alia*, to timely pay the Loan at maturity constitutes a breach of the Loan Agreement, as amended, and all sums payable thereunder are now fully due and owing.

17. The Loan Agreement, as amended, provides that, following the occurrence of any default thereunder, RCZS shall be liable for the payment of default interest calculated in accordance with the terms of such Loan Agreement.

18. The Loan Agreement, as amended, provides for the payment of all costs and expenses incurred in collecting the Loan including, but not limited to, reasonable attorneys' fees.

HFD 225093.7

All such costs are immediately due and payable by RCZS, and the Loan Agreement further provides that interest shall accrue with respect to the advancement of such costs, calculated in the manner set forth therein.

19.     Pursuant to the Loan Agreement, as amended, RCZS is liable to Plaintiff for all amounts due and owing under the Loan, and RCZS's failure to make the requisite payments has damaged Plaintiff.

20.     In particular, the following amounts are now presently due and owing (as of May 4, 2012) under the Loan Agreement, as amended (exclusive of costs, expenses and fees, which sums are also presently due and owing):

| | |
|---|---|
| Principal: | $1,496,621.96 |
| Interest (including default interest): | $7,886.31 |
| **Total:** | $1,504,508.27 |

Additionally, interest (including default interest) is accruing at a *per diem* rate of $446.48.

## IV.     COUNT II – BREACH OF PERSONAL GUARANTY (Against Centerplan Aviation LLC)

21.     Plaintiff hereby incorporates by reference paragraphs 9 through 20 of Count I above, as though said allegations were set forth more fully in Count II.

22.     On or about June 5, 2008, Centerplan, in consideration for the Loan, executed a Continuing And Unconditional Guaranty (the "Centerplan Guaranty") in favor of Plaintiff, whereby it unconditionally guaranteed to Plaintiff the full, prompt and punctual payment of all liabilities owed in connection with, *inter alia*, the Loan. The Centerplan Guaranty provides as follows:

- 4 -

**27.** **Chapter 903a.** GUARANTOR EXPRESSLY ACKNOWLEDGES THAT THIS GUARANTY AND EACH TRANSACTION RELATED TO IT IS A "COMMERCIAL TRANSACTION" WITHIN THE MEANING OF CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES, AS AMENDED. GUARANTOR HEREBY VOLUNTARILY AND KNOWINGLY WAIVES ANY AND ALL RIGHTS WHICH ARE OR MAY BE CONFERRED UPON IT UNDER CHAPTER 903a OF SAID STATUTES (OR ANY OTHER FEDERAL OR STATE LAW AFFECTING PREJUDGMENT REMEDIES) TO ANY NOTICE OR HEARING OR PRIOR COURT ORDER OR THE POSTING OF A BOND PRIOR TO BANK'S OBTAINING A PREJUDGMENT REMEDY. GUARANTOR ACKNOWLEDGES THAT IT HAS BEEN ADVISED BY COUNSEL OF ITS CHOICE OR HAS HAD THE OPPORTUNITY TO RETAIN COUNSEL OF ITS CHOICE WITH RESPECT TO THIS TRANSACTION AND THIS GUARANTY.

(Capitalization, bolding and underlining in original). Plaintiff is the owner and holder of the Centerplan Guaranty, a true and accurate copy of which is attached hereto as **Exhibit E**.

23. The Centerplan Guaranty obligates Centerplan to perform and discharge all of RCZS's payment obligations under, *inter alia*, the Loan Agreement, as amended.

24. Despite its obligations under the Centerplan Guaranty, Centerplan has failed to pay amounts due and owing under the Loan Agreement, as amended.

25. Centerplan's failure, as a guarantor of the Loan, to timely pay and satisfy the Loan constitutes a breach of the Centerplan Guaranty.

26. The Centerplan Guaranty provides for the payment of all costs and expenses incurred in collecting the Loan including, but not limited to, reasonable attorneys' fees.

27. Pursuant to the Centerplan Guaranty, Centerplan is liable to Plaintiff for all amounts due and owing under the Loan, and its failure to make the requisite payments has damaged Plaintiff.

28. In particular, the following amounts are now presently due and owing (as of May 4, 2012) under the Loan Agreement, as amended (exclusive of costs, expenses and fees, which sums are also presently due and owing):

| | |
|---|---|
| Principal: | $1,496,621.96 |
| Interest (including default interest): | $7,886.31 |
| **Total:** | $1,504,508.27 |

Additionally, interest (including default interest) is accruing at a *per diem* rate of $446.48.

## V. <u>COUNT III – BREACH OF PERSONAL GUARANTY (Against Scott A. LaBonte)</u>

29. Plaintiff hereby incorporates by reference paragraphs 9 through 20 of Count I above, as though said allegations were set forth more fully in Count III.

30. On or about June 5, 2008, Mr. LaBonte, in consideration for the Loan, executed a Continuing And Unconditional Guaranty (the "LaBonte Guaranty") in favor of Plaintiff, whereby he unconditionally guaranteed to Plaintiff the full, prompt and punctual payment of all liabilities owed in connection with, *inter alia*, the Loan. The LaBonte Guaranty provides as follows:

> **27. <u>Chapter 903a</u>. GUARANTOR EXPRESSLY ACKNOWLEDGES THAT THIS GUARANTY AND EACH TRANSACTION RELATED TO IT IS A "COMMERCIAL TRANSACTION" WITHIN THE MEANING OF CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES, AS AMENDED. GUARANTOR HEREBY VOLUNTARILY AND KNOWINGLY WAIVES ANY AND ALL RIGHTS WHICH ARE OR MAY BE CONFERRED UPON IT UNDER**

**CHAPTER 903a OF SAID STATUTES (OR ANY OTHER FEDERAL OR STATE LAW AFFECTING PREJUDGMENT REMEDIES) TO ANY NOTICE OR HEARING OR PRIOR COURT ORDER OR THE POSTING OF A BOND PRIOR TO BANK'S OBTAINING A PREJUDGMENT REMEDY. GUARANTOR ACKNOWLEDGES THAT IT HAS BEEN ADVISED BY COUNSEL OF ITS CHOICE OR HAS HAD THE OPPORTUNITY TO RETAIN COUNSEL OF ITS CHOICE WITH RESPECT TO THIS TRANSACTION AND THIS GUARANTY.**

(Capitalization, bolding and underlining in original). Plaintiff is the owner and holder of the LaBonte Guaranty, a true and accurate copy of which is attached hereto as **Exhibit F**.

31. The LaBonte Guaranty obligates Mr. LaBonte to perform and discharge all of RCZS's payment obligations under, *inter alia*, the Loan Agreement, as amended.

32. Despite his obligations under the LaBonte Guaranty, Mr. LaBonte has failed to pay amounts due and owing under the Loan Agreement, as amended.

33. Mr. LaBonte's failure, as a guarantor of the Loan, to timely pay and satisfy the Loan constitutes a breach of the LaBonte Guaranty.

34. The LaBonte Guaranty provides for the payment of all costs and expenses incurred in collecting the Loan including, but not limited to, reasonable attorneys' fees.

35. Pursuant to the LaBonte Guaranty, Mr. LaBonte is liable to Plaintiff for all amounts due and owing under the Loan, and his failure to make the requisite payments has damaged Plaintiff.

HFD 225093.7

36.     In particular, the following amounts are now presently due and owing (as of May 4, 2012) under the Loan Agreement, as amended (exclusive of costs, expenses and fees, which sums are also presently due and owing):

|  |  |
|---|---|
| Principal: | $1,496,621.96 |
| Interest (including default interest): | $7,886.31 |
| **Total:** | $1,504,508.27 |

Additionally, interest (including default interest) is accruing at a *per diem* rate of $446.48.

## VI.   COUNT IV – BREACH OF PERSONAL GUARANTY (Against Robert A. Landino)

37.     Plaintiff hereby incorporates by reference paragraphs 9 through 20 of Count I above, as though said allegations were set forth more fully in Count IV.

38.     On or about June 5, 2008, Mr. Landino, in consideration for the Loan, executed a Continuing And Unconditional Guaranty (the "Landino Guaranty") in favor of Plaintiff, whereby he unconditionally guaranteed to Plaintiff the full, prompt and punctual payment of all liabilities owed in connection with, *inter alia*, the Loan.  The Landino Guaranty provides as follows:

> **27.     Chapter 903a.     GUARANTOR EXPRESSLY ACKNOWLEDGES THAT THIS GUARANTY AND EACH TRANSACTION RELATED TO IT IS A "COMMERCIAL TRANSACTION" WITHIN THE MEANING OF CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES, AS AMENDED. GUARANTOR HEREBY VOLUNTARILY AND KNOWINGLY WAIVES ANY AND ALL RIGHTS WHICH ARE OR MAY BE CONFERRED UPON IT UNDER CHAPTER 903a OF SAID STATUTES (OR ANY OTHER FEDERAL OR STATE LAW AFFECTING PREJUDGMENT REMEDIES) TO ANY NOTICE OR HEARING OR PRIOR COURT ORDER OR THE POSTING OF A BOND PRIOR TO BANK'S OBTAINING A PREJUDGMENT REMEDY.**

- 8 -

**GUARANTOR ACKNOWLEDGES THAT IT HAS BEEN ADVISED BY COUNSEL OF ITS CHOICE OR HAS HAD THE OPPORTUNITY TO RETAIN COUNSEL OF ITS CHOICE WITH RESPECT TO THIS TRANSACTION AND THIS GUARANTY.**

(Capitalization, bolding and underlining in original). Plaintiff is the owner and holder of the Landino Guaranty, a true and accurate copy of which is attached hereto as **Exhibit G**.

39.     The Landino Guaranty obligates Mr. Landino to perform and discharge all of RCZS's payment obligations under, *inter alia*, the Loan Agreement, as amended.

40.     Despite his obligations under the Landino Guaranty, Mr. Landino has failed to pay amounts due and owing under the Loan Agreement, as amended.

41.     Mr. Landino's failure, as a guarantor of the Loan, to timely pay and satisfy the Loan constitutes a breach of the Landino Guaranty.

42.     The Landino Guaranty provides for the payment of all costs and expenses incurred in collecting the Loan including, but not limited to, reasonable attorneys' fees.

43.     Pursuant to the Landino Guaranty, Mr. Landino is liable to Plaintiff for all amounts due and owing under the Loan, and his failure to make the requisite payments has damaged Plaintiff.

44.     In particular, the following amounts are now presently due and owing (as of May 4, 2012) under the Loan Agreement, as amended (exclusive of costs, expenses and fees, which sums are also presently due and owing):

| | |
|---|---|
| Principal: | $1,496,621.96 |
| Interest (including default interest): | $7,886.31 |

- 9 -

|  |  |
|---|---|
| **Total:** | $1,504,508.27 |

Additionally, interest (including default interest) is accruing at a *per diem* rate of $446.48.

## VII.  COUNT V – BREACH OF PERSONAL GUARANTY (Against Zbigniew Matulaniec)

45.    Plaintiff hereby incorporates by reference paragraphs 9 through 20 of Count I above, as though said allegations were set forth more fully in Count V.

46.    On or about June 5, 2008, Mr. Matulaniec, in consideration for the Loan, executed a Continuing And Unconditional Guaranty (the "Matulaniec Guaranty") in favor of Plaintiff, whereby he unconditionally guaranteed to Plaintiff the full, prompt and punctual payment of all liabilities owed in connection with, *inter alia*, the Loan.  In addition, the Matulaniec Guaranty provides as follows:

> **27.    Chapter  903a.    GUARANTOR EXPRESSLY ACKNOWLEDGES THAT THIS GUARANTY AND EACH TRANSACTION RELATED TO IT IS A "COMMERCIAL TRANSACTION" WITHIN THE MEANING OF CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES, AS AMENDED. GUARANTOR HEREBY VOLUNTARILY AND KNOWINGLY WAIVES ANY AND ALL RIGHTS WHICH ARE OR MAY BE CONFERRED UPON IT UNDER CHAPTER 903a OF SAID STATUTES (OR ANY OTHER FEDERAL OR STATE LAW AFFECTING PREJUDGMENT REMEDIES) TO ANY NOTICE OR HEARING OR PRIOR COURT ORDER OR THE POSTING OF A BOND PRIOR TO BANK'S OBTAINING A PREJUDGMENT REMEDY. GUARANTOR ACKNOWLEDGES THAT IT HAS BEEN ADVISED BY COUNSEL OF ITS CHOICE OR HAS HAD THE OPPORTUNITY TO RETAIN COUNSEL OF ITS CHOICE WITH RESPECT TO THIS TRANSACTION AND THIS GUARANTY.**

HFD 225093.7

(Capitalization, bolding and underlining in original).  Plaintiff is the owner and holder of the Matulaniec Guaranty, a true and accurate copy of which is attached hereto as **Exhibit H**.

47.     The Matulaniec Guaranty obligates Mr. Matulaniec to perform and discharge all of RCZS's payment obligations under, *inter alia*, the Loan Agreement, as amended.

48.     Despite his obligations under the Matulaniec Guaranty, Mr. Matulaniec has failed to pay amounts due and owing under the Loan Agreement, as amended.

49.     Mr. Matulaniec's failure, as a guarantor of the Loan, to timely pay and satisfy the Loan constitutes a breach of the Matulaniec Guaranty.

50.     The Matulaniec Guaranty provides for the payment of all costs and expenses incurred in collecting the Loan including, but not limited to, reasonable attorneys' fees.

51.     Pursuant to the Matulaniec Guaranty, Mr. Matulaniec is liable to Plaintiff for all amounts due and owing under the Loan Agreement, and his failure to make the requisite payments has damaged Plaintiff.

52.     In particular, the following amounts are now presently due and owing (as of May 4, 2012) under the Loan Agreement, as amended (exclusive of costs, expenses and fees, which sums are also presently due and owing):

| | |
|---|---|
| Principal: | $1,496,621.96 |
| Interest (including default interest): | $7,886.31 |
| **Total:** | $1,504,508.27 |

Additionally, interest (including default interest) is accruing at a *per diem* rate of $446.48.

**WHEREFORE**, Plaintiff requests the following relief:

**With respect to Count I (against RCZS):**

1.     A judgment for all sums due and owing under the Loan Agreement, as amended, pursuant to the terms thereof;

2.     Interest, costs and attorneys' fees; and

3.     Such other and further relief as at law and/or in equity may pertain.

**With respect to Count II (against Centerplan):**

1.     A judgment for all sums due and owing under the Loan Agreement, as amended, pursuant to the terms thereof and the Centerplan Guaranty;

2.     Interest, costs and attorneys' fees; and

3.     Such other and further relief as at law and/or in equity may pertain.

**With respect to Count III (against Mr. LaBonte):**

1.     A judgment for all sums due and owing under the Loan Agreement, as amended, pursuant to the terms thereof and the LaBonte Guaranty;

2.     Interest, costs and attorneys' fees; and

3.     Such other and further relief as at law and/or in equity may pertain.

**With respect to Count IV (against Mr. Landino):**

1.     A judgment for all sums due and owing under the Loan Agreement, as amended, pursuant to the terms thereof and the Landino Guaranty;

2.     Interest, costs and attorneys' fees; and

HFD 225093.7

3. Such other and further relief as at law and/or in equity may pertain.

**With respect to Count V (against Mr. Matulaniec):**

1. A judgment for all sums due and owing under the Loan Agreement, as amended, pursuant to the terms thereof and the Matulaniec Guaranty;

2. Interest, costs and attorneys' fees; and

3. Such other and further relief as at law and/or in equity may pertain.

Dated at Hartford, Connecticut this 7th day of May, 2012.

> **PLAINTIFF,**
> **BANK OF AMERICA, N.A.**
>
> By
> Donald E. Frechette (ct08930)
> Tara L. Trifon (ct28415)
> Edwards Wildman Palmer LLP
> 20 Church Street
> Hartford, CT 06103
> Phone:(860) 525-5065
> Facsimile: (860) 527-4198
>
> Its Attorneys

HFD 225093.7